IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRISTOPHER MICHAEL MORGAN                                              PLAINTIFF

v.                         Civil No. 5:21-cv-05118

OFFICER J. HARRIS, City of Fayetteville
Police Department; and DETECTIVE C. STRANGE,
City of Fayetteville Police Department                                 DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Kristopher M. Morgan ("Morgan"), pursuant to 42 U.S.C. § 1983. Morgan proceeds *pro se* and *in forma pauperis*. Morgan contends his constitutional rights were violated when he was unlawfully arrested at his home without a warrant; when he was threatened with physical harm if he did not comply with the officers' orders; and when he was falsely incarcerated, and his character was defamed. Defendants are sued in their individual capacities only.[1]

Defendants have filed a Motion for Summary Judgment (ECF No. 27). Although Morgan did not file a response,[2] he did file a document entitled Motion for Summary Judgment (ECF No. 36) and a Supplement to his Motion (ECF No. 37) which the Court has considered. Also pending is a Motion to Amend the Complaint (ECF No. 35).[3] Pursuant to the provisions of 28 U.S.C. §

---

[1] The official capacity claims were dismissed by Order (ECF No. 14) entered on August 24, 2021.
[2] Morgan was initially ordered (ECF No. 30) to respond to the Summary Judgment Motion by April 15, 2022. When Morgan failed to file a response, a Show Cause Order (ECF No. 32) was entered. When Morgan failed to respond to the Show Cause Order, a Report and Recommendation (ECF No. 33) was entered. Morgan filed a belated response (ECF No. 34) to the Show Cause Order and on June 21, 2022, an Order (ECF No. 38) was entered declining to adopt the Report and Recommendation and finding that Morgan's Motion for Summary Judgment (ECF No. 36) should be treated both as a response to Defendants' Motion and as a Motion for Summary Judgment on the merits.
[3] By Order (ECF No. 39) entered on June 28, 2022, Defendants were given until July 12, 2022, to respond to Plaintiff's

1

636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation on the pending motions.

## I. BACKGROUND

On January 12, 2021, Morgan was living in Fayetteville, Arkansas, at the Chestnut Apartments, Unit 9. (ECF No. 27-1 at 7-8). According to Detective Strange, on January 12, 2021, he received "information" from Amanda Dunkleman ("Dunkleman") that her stepfather, Morgan, was a sex offender from Florida who had not registered in Arkansas. (ECF No. 27-3 at 2). Dunkleman indicated she had confirmed with the Bay County Sheriff's Department in Florida that Morgan was a sex offender. *Id.* Dunkleman also provided Morgan's address, stated she was living there with him, and indicated the apartment was in Morgan's sister's name. *Id.* Detective Strange checked Morgan's criminal history and discovered that he had been charged with failure to register as a sex offender in Bay County in June of 2019. *Id.* at 2-3. Detective Strange also saw that there was a "felony warrant for [Morgan's] arrest out of Travis County, Texas for a probation violation for Attempted Aggravated Sexual Assault of a Child and Attempted Indecency with a Child by Contact." *Id.* at 3. Detective Strange discovered Morgan had not registered as a sex offender with the Fayetteville Police Department [or any] law enforcement agency in Arkansas." *Id.*

Detective Strange contacted Officer Harris and advised him that Morgan was a convicted sex offender, had failed to register, and there was a warrant for his arrest from another state. (ECF No. 27-3 at 3). Detective Strange advised Officer Harris that there was probable cause to arrest

pleadings. If Defendants responded, Plaintiff was given seven days to file a reply. Defendants did not respond.

Morgan for failure to register as a sex offender. *Id.* Detective Strange completed a narrative and preliminary report form. *Id.* at 5-7.

Two Fayetteville Police Department officers, who Morgan identified from reports he received as Officers Harris and Strange, knocked on his door. (ECF No. 27-1 at 9). At his deposition, Morgan testified that when he opened his door part-way, the officers had their hands on their holstered pistols which he viewed as threatening. *Id.* at 10. Morgan testified at his deposition that one of the officers pushed his way into the apartment, pulled him out by his arm, handcuffed him, and took him into custody. *Id.* In Morgan's view, this officer was guilty of breaking and entering, kidnapping, and assault. *Id.* at 18. This officer has been identified as Officer Harris. (ECF No. 27-2). The second officer has been identified as Officer Michael Emig, who is not a named defendant herein. *Id.* Morgan testified the only way Officer Emig violated Morgan's rights was by standing with "his hand on his weapon towards me if I didn't comply with, you know, being pulled out of my house." *Id.* at 20.

Morgan asked for a warrant and Officer Harris replied there was a warrant but he did not have it with him. (ECF No. 27-1 at 9-10). Morgan indicates he was never asked to provide identification or even asked to verify his name. *Id.* at 11. Officer Emig did not say anything until Morgan asked if he could lock his apartment. *Id.* Morgan gave Officer Emig permission to go into the apartment and obtain Morgan's keys and lock the door. *Id.* According to Morgan, Officer Emig was extremely polite. *Id.* at 12.

When Morgan was placed in the patrol car, he was told the warrant was for failure to register as a sex offender. (ECF No. 27-1 at 13). Morgan conceded he had not registered as a sex offender. *Id.* In 2019, Morgan stated he had been arrested in Bay County, Florida, for failure

3

to register as a sex offender. *Id.* Morgan testified the charge was treated as a violation of his probation and he went back to prison "for a probation violation . . . and added charges." *Id.* at 14. Morgan was on probation in Florida as a result of a charge of aggravated assault with a deadly weapon. *Id.* at 15. Morgan testified there was a warrant out for his arrest in Bay County, Florida, because he violated his probation. *Id.* at 17-18. There was also a felony warrant out of Travis County, Texas. *Id.* at 15. Morgan's understanding, however, was that he could not be extradited on this warrant. *Id.* The Texas charges were attempted aggravated assault on a minor and attempted indecency of a minor by contact. *Id.* The first charge was dropped but Morgan went to prison on the indecency charge and was released on parole. *Id.* As a result of the Texas conviction, Morgan was required to register as a sex offender wherever he lived.[4] *Id.* Morgan did not register when he lived in Honolulu, Hawaii, or in Bay County, Florida, or in Arkansas. *Id.* at 16. Morgan pled guilty to the charge of failure to register as a sex offender in Arkansas and was sentenced to three years incarceration. *Id.*

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a

---

[4] Morgan testified that he was unaware that the Texas conviction required him to register as a sex offender wherever he moved. (ECF No. 27-1 at 19). He maintained he had not realized this out until he was arrested in Washington County. *Id.* He testified that it was this knowledge that caused him to plead guilty to the failure to register as a sex offender charge in Arkansas. *Id.*

genuine issue of material fact exists." *National Bank of Com. v. Dow Chem. Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat. Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Defendants raise the following arguments in support of their summary judgment motion: (1) probable cause existed to arrest Morgan for failure to register as a sex offender; (2) no unlawful seizure occurred; (3) *Heck v. Humphrey,* 512 U.S. 477 (1994) precludes any claims of unlawful arrest or seizure; (4) Officer Harris did not use excessive force against Morgan or assault him; (5)

the defamation claims fail as a matter of law to establish a constitutional violation; and (6) the Defendants are entitled to qualified immunity.

### A. False Arrest/False Imprisonment

"[A] guilty plea forecloses a section 1983 claim for arrest without probable cause." *Williams v. Schario,* 93 F.3d 427, 428-29 (8th Cir. 1996)(citing *Malady v. Crunk,* 902 F.2d 10, 11 (8th Cir. 1990)). Morgan's claims arising from his arrest and false imprisonment are thus barred. To the extent Morgan's claims can be construed to call into question his conviction or imprisonment, such claims would be barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). In *Heck,* the Supreme Court held that a claim that calls into question a conviction or imprisonment accrues only when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Morgan's conviction has not been reversed, expunged, or declared invalid.

Defendants are entitled to summary judgment on these claims. Further, having found that the facts do not make out a constitutional violation, Defendants are entitled to qualified immunity. *See, e.g., Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009) (unless the facts make out a violation of a constitutional right the Defendant is entitled to qualified immunity).

### B. Defamation

Morgan does not provide any factual basis for his defamation claim other than the fact he was arrested for failure to register as a sex offender. The Supreme Court has held that defamation, by itself, is insufficient to support a claim under § 1983. *Paul v. Davis*, 424 U.S. 693, 701 (1976). In *Paul*, the Supreme Court found that a person's interest in his reputation is not considered liberty

or property protected by the due process clause. *Paul*, 424 U.S. at 701; *see also Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("damage to reputation is not alone sufficient to invoke procedural due process"); *Kloch v. Kohl*, 545 F.3d 603, 609 (8th Cir. 2008) ("As a constitutional matter, however, [the plaintiff] is not entitled to due process protection for damage to his reputation alone").

Defendants are entitled to summary judgment on Morgan's claim of defamation. Further, having determined the facts do not support a constitutional violation, Defendants are entitled to qualified immunity. *See, e.g., Krout*, 583 F.3d at 564.

### C. Excessive Force

Where an excessive force claim arises in the context of an arrest, it is most properly characterized as one invoking the protections of the Fourth Amendment. *See Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). In evaluating an excessive force claim under the Fourth Amendment, a court must consider whether the force was objectively reasonable under the circumstances, "rely[ing] on the perspective of a reasonable officer present at the scene rather than the '20/20 vision of hindsight.'" *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012) (quoting *Graham v. Connor*, 490 U.S. 386 (1989)). The application of this standard requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 396. "The calculous of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving – about the amount of force that is necessary in a particular

situation." *Id.* at 396-397.

Prior to the Eighth Circuit's opinion in *Chambers v. Pennycook,* 641 F.3d 898 (8th Cir. 2011), it had been an "open question in this circuit whether an excessive force claim requires some minimum level of injury." *Id.* at 904. In *Chambers,* the Eighth Circuit held "evidence of only *de minimis* injury" does not "necessarily foreclose[] a claim of excessive force under the Fourth Amendment." *Id.* at 906. Rather, "[t]he appropriate inquiry is 'whether the force used to affect a particular seizure is 'reasonable." *Id.* The court reasoned "it is logically possible to prove an excessive use of force" can still "cause only a minor injury," and such claims should not be foreclosed based solely on the extent of the injury suffered. *Id.* Still, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Foster v. Metropolitan Airports Comm'n,* 914 F.2d 1076, 1081 (8th Cir. 1990), (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd. Cir. 1973). In order to conduct an arrest, some degree of force is necessary. Therefore, the fact that force is used during an arrest does not *ipso facto* establish a Fourth-Amendment violation. *Crumley v. City of St. Paul,* 324 F.3d 1003, 1007 (8th Cir. 2003) ("Fourth Amendment jurisprudence has long recognized…the right to make an arrest…necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.").

Morgan maintains both officers threatened him when they stood outside his door and had their hands placed upon their weapons. Further, he maintains he was told repeatedly to step out of the apartment and told if he did not comply they would pull him out. When asked to describe the use of force by Officer Harris, Morgan testified that Officer Harris pushed his way into the apartment, grabbed ahold of Morgan, and pulled him out of his apartment. (ECF No. 27-1 at 10-

11). Morgan does not indicate he suffered any injury.

The Court has been provided with the body cam footage from Officers Harris and Emig. *Defendants' Exhibit* 6 (filed conventionally). The body cam footage contradicts Morgan's description of the events. The video clearly indicates Morgan was not intimidated by the officers. Morgan opened his door only part way. Morgan questioned Officer Harris asking why a detective needed to speak to him, demanding to see the warrant, and asking why he had to exit his apartment. His exhibited demeanor does not exhibit timidity or fear. After having been advised there was a warrant for his arrest and repeatedly told he needed to come out of the apartment, he was finally told that if he did not come out of the apartment he would be pulled out. Morgan began to walk out the apartment door. As Morgan began to move his body across the threshold, Officer Harris placed one hand on Morgan's right arm and guided Morgan out. Morgan either walked out or is gently led out of his apartment, is turned around, and handcuffed. Officer Harris did not push his way into the apartment or grab Morgan or pull Morgan out. At most, there was a *de minimus* use of physical force of a variety insufficient to sustain a claim for excessive force.

Officer Harris is entitled to summary judgment on this claim. Further, having found that the facts do not make out a constitutional violation, Officer Harris is entitled to qualified immunity. *See, e.g., Krout*, 583 F.3d at 564.

### D. Detective Strange

Liability under § 1983 requires personal involvement resulting in a deprivation of rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant(s), [Morgan] must allege specific facts of personal involvement in, or direct

9

responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Here, the only actions taken by Detective Strange were in connection with his determination that probable cause existed for Morgan's arrest. Detective Strange was not involved in the arrest and was not physically present when Morgan was arrested. As the issue of whether there was probable cause for the arrest is, as discussed above, foreclosed by Morgan's guilty plea, there is no basis on which Detective Strange may be held liable. Detective Strange is entitled to summary judgment in his favor and finding the facts do not assert a constitutional violation, Detective Strange is entitled to qualified immunity. *See, e.g., Krout*, 583 F.3d at 564.

### E. Morgan's Motion for Summary Judgment

Morgan's Motion for Summary Judgment (ECF No. 35) consists of a single sheet of paper containing the sentence: "I ask with all evidence provided [that] we move to the Judge[s]s Decision." The document (ECF No. 37) filed as a Supplement to the Motion for Summary Judgment should be construed as a Supplement to the Motion to Amend and will be addressed below. As discussed above, Defendants are entitled to summary judgment on each of Morgan's claim. Morgan's Motion for Summary Judgment (ECF No. 35) should be denied.

### F. Morgan's Motion to Amend

Morgan's initial Motion to Amend (ECF No. 35) merely asks that his prayer for relief be increased to $50,000 per day per person. In the Supplement (ECF No. 37), Morgan asks to add charges of human trafficking and kidnapping against the named Defendants and various other non-parties. In view of the findings above, the Motion to Amend (ECF No. 35) and Supplement (ECF No. 37) should be denied as moot. Further, any such amendment would be futile. Morgan – who

10

alleges that, in this context, he is a crime victim – lacks any legal right to compel criminal prosecution or to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *Frison v. Zebro,* 339 F.3d 994, 998-1000 (8th Cir. 2003) (rejecting a § 1983 claim based on a violation of a criminal statute).

## IV. CONCLUSION

For these reasons, it is recommended that:

- Plaintiff's Motion for Summary Judgment (ECF No. 36) be **DENIED;**

- Plaintiff's Motion to Amend (ECF No. 35) and Supplement (ECF No. 37) thereto be **DENIED AS MOOT because such an amendment would be FUTILE;**

- Defendants' Motion for Summary Judgment (ECF No. 27) be **GRANTED and the case be DISMISSED WITH PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of September 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

11